UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DOE,

        Plaintiff,                        Case No. 2:25-cv-12030

v.                                     Honorable Susan K. DeClercq
                                         United States District Judge

UNITED STATES OF AMERICA, et al.,

        Defendants.
_____/

**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED UNDER PSEUDONYM (ECF No. 2)**

On July 7, 2025, Plaintiff sued the United States, Federal Bureau of Prisons, and several individual BOP employees under the Eighth Amendment, Federal Tort Claims Act, and Section 504 of the Rehabilitation Act. ECF No. 1. He alleges that while he was incarcerated at FCI Milan, Defendants failed to protect him from being brutally assaulted by other inmates and failed to properly treat and accommodate medical conditions caused by the assault. *Id.* at PageID.1. The same day that Plaintiff filed his complaint, he also filed a motion to proceed under a pseudonym. ECF No. 2.

In the Sixth Circuit, courts have the discretion to allow the use of pseudonyms where "a plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). In reaching

this determination, courts should consider the following non-exhaustive list of factors:

> (1) Whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information "of the utmost intimacy;" (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children.

*Id.*

Here, the first factor applies—Plaintiff is suing the United States and the Bureau of Prisons, making it more appropriate for him to proceed anonymously. ECF No. 1. The second factor also applies because in Plaintiff's case, his identity is "of the utmost intimacy." *Porter*, 370 F.3d at 560. Specifically, Plaintiff alleges that he testified as a cooperating witness "against individuals associated with violent criminal organizations who have been documented in numerous federal cases as engaging in torture, murder, and other violent acts of retaliation." ECF No. 1 at PageID.6. Further, Plaintiff alleges that he has been violently assaulted because of his identity once before. *Id.* at PageID.9–10. In a situation such as this, where Plaintiff's identity becoming public could subject him to further violence, this Court finds that the second factor also supports granting the motion.

Given the sensitivity of Plaintiff's allegations, the risk of future violence against him, and the fact that he challenges Government action, this Court finds that Plaintiff's privacy interests substantially outweigh the presumption of open judicial

proceedings. Further, Plaintiff explained that he intends to provide Defendant with enough identifying information to allow Defendant to litigate this matter without prejudice. ECF No. 2 at PageID.46. Thus, it is appropriate to allow Plaintiff to proceed in this litigation under a pseudonym.

To date, Defendants have not yet been served. Defendants have thus not filed answers or been afforded an opportunity to respond to the motion, so an order granting the motion at this juncture could be premature. This Court acknowledges, however, that denying Plaintiff's motion at this stage could not effectively be reconsidered after service; once the Plaintiff's name is in the public record, such an action cannot be undone. So, this Court will grant the motion at this time. However, Defendants may seek reconsideration if there are any concerns as to prejudice or the public's access to the courts.

Accordingly, it is **ORDERED** that Plaintiff's Motion to Proceed Under Pseudonym, ECF No. 2, is **GRANTED**.

**IT IS FURTHER ORDERED** that:

(a) The parties must refer to Plaintiff by the pseudonym "John Doe" in all filings and public proceedings;

(b) All parties must submit pleadings, briefing, and evidence using Plaintiff's pseudonym instead of his real name or other personally identifying information;

(c) Any filings which necessarily include Plaintiff's personally identifying information may only be filed under seal, and must be accompanied by a Motion to File Under Seal; and

    (c)    Defendants may oppose Plaintiff's Motion to Proceed Under Pseudonym by filing a motion to reconsider within 30 days of being served with the Complaint and Summons in this matter.

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: July 21, 2025