UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DOE,

     Plaintiff,

v.

UNITED STATES OF AMERICA, et al.,

     Defendants.

Case No. 25-cv-12030

Honorable Robert J. White

---

**OPINION AND ORDER GRANTING THE GOVERNMENT'S MOTION TO PARTIALLY DISMISS THE COMPLAINT AND GRANTING JOHN DOE PERMISSION TO MOVE FOR LEAVE TO AMEND THE COMPLAINT**

---

I.    <u>Introduction</u>

John Doe commenced this personal injury and disability discrimination action against the United States of America, the Federal Bureau of Prisons ("the government" collectively), and several BOP employees.  The complaint alleges, among other things, that BOP employees failed to take adequate measures to protect Doe from other inmates at Federal Correctional Institution Milan who beat him severely.  And Doe asserts that BOP failed to accommodate his disabilities after the assault.

Before the Court is the government's motion to dismiss the claims asserted against it in the complaint. (ECF No. 26).  Doe responded in opposition. (ECF No. 31).  The government filed a reply. (ECF No. 34).  The Court will decide the motion without a hearing pursuant to E.D. Mich. LR 7.1(f)(2).  For the following reasons, (1) the motion is granted, and (2) Doe is granted permission to move for leave to amend the complaint.

II.     Background

   A.     Factual History

A prison gang physically assaulted Doe at FCI Milan on August 9, 2023. (ECF No. 1, PageID.2, ¶ 1).  The beating left Doe with significant physical injuries and impairments. (*Id.*, PageID.10-11, ¶ 45).  When he returned to FCI Milan from the hospital weeks later, Doe alleges that prison medical staff exhibited deliberate indifference to his serious medical needs. (*Id.*, PageID.12-13, ¶¶ 48-55).

BOP eventually transferred Doe to the United States Medical Center for Federal Prisoners ("USMCFP"). (*Id.*, PageID.13, ¶ 56).  His treatment conditions did not improve.  Doe maintains that prison medical staff, including the warden, were deliberately indifferent to his serious medical condition. (*Id.*, PageID.13-17, ¶¶ 56-67).  For instance, Doe asserts that his treating physician waited six months before ordering diagnostic tests, which revealed a "superior labral tear that required orthopedic consultation and potential future surgical intervention." (*Id.*, PageID.14,

2

¶ 57).   He alleges that prison staff at both FCI Milan and USMCFP failed to reasonably accommodate his physical and cognitive limitations. (*Id.*, PageID.18-20, ¶¶ 68-76).  BOP has since released Doe from custody on compassionate grounds. (ECF No. 1, PageID.3, ¶ 6; *see also* ECF No. 26, PageID.178; ECF No. 31, PageID.338).

### B. Procedural History

Doe filed a "Claim for Damage, Injury, or Death" ("Form 95") with BOP's North Central Regional Office in December 2023. (ECF No. 26-4).  The claim solely pertains to Doe's assault at FCI Milan. (*Id.*).  BOP denied the claim on May 2, 2024. (ECF No. 26-5, PageID.204).  And it mailed the denial of claim to Doe, through United States Postal Service certified mail, by May 8, 2024. (*Id.*, PageID.204-05).

Doe filed this lawsuit on July 7, 2025, alleging Eighth Amendment violations against the individual BOP employees pursuant to *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), claims for negligence and gross negligence against the United States of America pursuant to the Federal Tort Claims Act ("FTCA"), and violations of the Rehabilitation Act of 1973 against BOP.  The government now moves to dismiss the FTCA and Rehabilitation Act claims. (ECF No. 26).

III.    Legal Standards

When reviewing a motion to dismiss the complaint for failing to state a claim, the Court must "construe the complaint in the light most favorable to the plaintiff and accept all factual allegations as true." *Daunt v. Benson*, 999 F.3d 299, 308 (6th Cir. 2021) (cleaned up); *see also* Fed. R. Civ. P. 12(b)(6).  "The factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead sufficient factual matter to render the legal claim plausible." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quotation omitted).

A plaintiff does not typically need to plead that his causes of action are timely to state a plausible claim for relief. *See* Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim"); *Jones v. Bock*, 549 U.S. 199, 216 (2007).  That is because the statute of limitations is an affirmative defense. Fed. R. Civ. P. 8(c)(1). So it is usually inappropriate to dismiss a claim under Rule 12(b)(6) because of untimeliness. *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012).  Even still, Rule 12(b)(6) dismissal is proper when the complaint's allegations affirmatively show that a claim is time-barred. *See Jones*, 549 U.S. at 215.

IV.     Analysis

    A.     *Federal Tort Claims Act – Statute of Limitations*

The United States is entitled to sovereign immunity from lawsuits. *See Dep't of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 260 (1999).   Legal proceedings commenced against the United States are not actionable unless Congress expressly waives the government's sovereign immunity. *See id.*; *see also Lane v. Pena*, 518 U.S. 187, 192 (1996) ("A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text, and will not be implied.").

Congress expressly waived the government's sovereign immunity against lawsuits commenced under the FTCA. *See Jackson v. United States*, 751 F.3d 712, 716 (6th Cir. 2014).   The statute permits claimants to sue "the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment[.]" 28 U.S.C. § 1346(b)(1).

The FTCA's limitations period runs as follows:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or *unless action is begun within six months after the date of mailing, by certified or registered mail, of the notice of final denial of the claim by the agency to which it was presented.*

5

28 U.S.C. § 2401(b) (emphasis added). So a "claimant may no longer sue the United States six months after the time that an agency mails a denial letter." *Jackson*, 751 F.3d at 717.

That is what happened here. Doe filed his Form 95 with BOP's North Central Regional Office in December 2023. (ECF No. 26-4, PageID.201). BOP denied the claim on May 2, 2024. (ECF No. 26-5, PageID.204). The agency deposited the denial of claim with the United States Postal Service by May 8, 2024. (*Id.*, PageID.205). The Postal Service delivered the denial of claim to "an individual" located at an address in Fort Wayne, Indiana on May 11, 2024. (*Id.*). And Doe did not commence this action until July 7, 2025 – almost eight months beyond the FTCA's six-month limitations period. (ECF No. 1). *See* 28 U.S.C. § 2401(b). The complaint is, therefore, untimely.

Doe contests this result. He argues that the Court cannot decide the timeliness of this action without resorting to material extraneous to the pleadings – *i.e.*, the Form 95, the denial of claim, and a screenshot from the Postal Service's tracking website – which is improper if the motion to dismiss is not converted to a summary judgment motion. (ECF No. 31, PageID.337). *See* Fed. R. Civ. P. 12(d). But federal courts may consider "exhibits attached to [a] defendant's motion to dismiss," without converting the motion to one for summary judgment, "so long as" the exhibits are

"referred to in the Complaint and are central to the claims contained therein." *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008).

This condition is satisfied. The complaint expressly alleges that "Plaintiff timely filed a claim under the Federal Torts Claims Act [*sic*] and Defendant failed to respond in the required timeframe." (ECF No. 1, PageID.3, ¶ 8). And the attached materials are all "central" to this assertion. *Bassett*, 528 F.3d at 430; *see also Vasser v. McDonald*, 228 F. Supp. 3d 1, 11 (D.D.C. 2016) (considering the administrative complaint and final agency decision as "incorporated by reference in [the] complaint," where it alleged that the plaintiff had "exhausted her administrative remedies."); *Laughlin v. Holder*, 923 F. Supp. 2d 204, 209 (D.D.C. 2013) (same). So it is appropriate to consider them when assessing whether the FTCA claim falls within the statute of limitations.

Judicial notice affords another pathway to recognizing the appended materials. Federal courts "may judicially notice a fact that is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed R. Evid. 201(b)(2). "[M]atters of which the district court can take judicial notice" are "not considered matters outside the pleadings for purposes of conversion" to a summary judgment motion. 5C Charles Alan Wright, Arthur R. Miller & A. Benjamin Spencer, Federal Practice and Procedure § 1366 (3d ed. Apr. 2026 Update); *see also Tellabs, Inc. v.*

*Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Ashland, Inc. v. Oppenheimer & Co.*, 648 F.3d 461, 467 (6th Cir. 2011).

Federal courts may take judicial notice of administrative complaints and final agency decisions at the motion to dismiss stage, "particularly" where, as here, the claimant "does not dispute their authenticity." *Vasser*, 228 F. Supp. 3d at 11; *see also Ahuja v. Detica Inc.*, 742 F. Supp. 2d 96, 103 (D.D.C. 2010).  And there is specific authority ruling that the Form 95 and the BOP's denial of claim letter are both subject to such notice. *See Palay v. United States*, 349 F.3d 418, 425 n.5 (7th Cir. 2003) (holding that the district court could take judicial notice of a Form 95 when resolving a motion to dismiss); *see also Watkins v. United States*, No. 21-02045, 2023 U.S. Dist. LEXIS 218794, at *4 n.3 (N.D. Ill. Dec. 8, 2023), *rev'd on other grounds sub nom. Watkins v. Mohan*, 144 F.4th 926 (7th Cir. 2025) (taking judicial notice of BOP's denial of claim letter).

The same goes for the Postal Service's tracking website.  Numerous federal courts have held that "it is clearly proper to take judicial notice" of official government agency websites. *Wells Fargo Bank, N.A. v. Wrights Mill Holdings*, LLC, 127 F. Supp. 3d 156, 166 (S.D.N.Y. 2015); *see also Cangemi v. United States*, 13 F.4th 115, 124 n.4 (2d Cir. 2021).  The Postal Service's tracking website is no exception. *See, e.g., Martinez v. Staten Island Univ. Hosp.*, No. 19-02672, 2020 U.S. Dist. LEXIS 271478, at *20 n.3 (E.D.N.Y. Jun. 19, 2020) (taking judicial notice of

the "postal service tracking website" and collecting similar cases); *Evans v. DSW Inc.*, No. 16-3791, 2017 U.S. Dist. LEXIS 216614, at *3 n.3 (C.D. Cal. Sept. 14, 2017) ("The tracking information contained on the United States Postal Service website is also a proper subject for judicial notice because it is a government website so it is not subject to reasonable dispute and is capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned.").

And while the Postal Service's website explains that tracking data is currently maintained for only up to two years, the government accessed the website and produced the screenshot well within this timeframe. (ECF No. 26-5, PageID.205). *See* U.S. Postal Service, USPS Tracking® - The Basics, "How Long Are Records Kept For Tracking?," https://faq.usps.com/s/article/USPS-Tracking-The Basics#How_can_I_use_USPS_ Tracking (last accessed Aug. 7, 2026).

Tying this all together, the Court may properly consider the administrative claim documents attached to the government's motion to dismiss, without converting the motion to one seeking summary judgment, because either (1) they are referenced in the complaint and "central" to the FTCA claim, or (2) the Court may take judicial notice of them pursuant to Fed. R. Evid. 201(b)(2).

Doe further contends that the USPS tracking website shows only that the denial of claim was "[d]elivered" and "[l]eft with [an] [i]ndividual" – not that Doe

9

"personally received" it. (ECF No. 31, PageID.339; *see also* PageID.337).  Whether Doe personally received the denial of claim through certified mail, though, is immaterial.  As the United States Court of Appeals for the Sixth Circuit held in *Jackson v. United States*, 751 F.3d 712 (6th Cir. 2014), "the FTCA *does not* require that the claimant receive the denial letter in order to commence the six-month limitation period." *Id.* at 717 (emphasis added).  "The FTCA requires only that the agency mail the denial by certified mail." *Id.*  BOP fulfilled this obligation when it sent the denial of claim through certified mail to Doe's residence in Fort Wayne, Indiana.[1] (ECF No. 26-5, PageID.204-05).

Doe's final argument is that the Court should equitably toll the FTCA's statute of limitations. (ECF No. 31, PageID.337-39).  Equitable tolling "permits a court to pause the statute of limitations when some significant impediment beyond the plaintiff's control prevented the plaintiff from filing a timely action." *Wershe v. City of Detroit*, 112 F.4th 357, 364 (6th Cir. 2024).  Its application involves two distinct

---

[1] Doe never asserts that BOP mailed the denial of claim to the wrong address or that he did not reside at the Fort Wayne, Indiana address in May 2024.  Even if he had advanced this position, it would not alter the conclusion that BOP satisfied its mailing obligation under section 2401(b). *See Jackson v. United States Customs & Border Protection*, No. 18-1195, 2019 U.S. App. LEXIS 214, at *6 (6th Cir. Jan. 3, 2019) (holding that "because receipt by the claimant is immaterial to the limitations issue, the statute of limitations arguably started running in February 2016 when CBP mailed the notice to Jackson the first time, even though the Postal Service erroneously delivered it to Michigan instead of his post office box in New York City.").

inquiries.    The first question asks whether a court possesses the "authority to equitably toll a particular statute of limitations." *Id.* at 366.  This authority "typically exists if the limitations period is not jurisdictional." *Id.*  In the event equitable tolling is permissible, the next question is whether invoking it is "warranted based on the governing tolling rules" for the substantive claim. *Id.*  The party seeking to extend the limitations period carries the burden of demonstrating their entitlement to equitable tolling. *Jackson*, 751 F.3d at 718-19.

As to the first question, the answer is straightforward: the FTCA's statute of limitations is not jurisdictional.  So equitable tolling is available. *Id.*; *see also United States v. Wong*, 575 U.S. 402, 420 (2015).  Whether the doctrine is appropriate under the circumstances, *i.e.*, the second equitable tolling inquiry, requires a more nuanced assessment.  The Sixth Circuit consults five factors to "determine whether equitable tolling of an FTCA claim" is appropriate. *Wershe*, 112 F.4th at 366.  Those factors ask whether the plaintiff "(1) lacked notice of the filing requirement, (2) lacked constructive knowledge of the filing requirement, (3) diligently pursued his rights, (4) would prejudice the defendant in pursuing the claim, and (5) reasonably ignored the filing requirement." *Id.*; *see also Zappone v. United States*, 870 F.3d 551, 556 (6th Cir. 2017).

Here, Doe possessed constructive notice of the limitations period (factor two). "The FTCA contains an express statute of limitations provision, which plainly

11

provides notice of the Act's limitations period." *Wershe*, 112 F.4th at 367.  And "[t]he existence of a publicly available statute setting forth a filing deadline at the very least establishes" Doe's "constructive knowledge." *Id.* at 366; *see also Atkins v. Parker*, 472 U.S. 115, 130 (1985).

A plaintiff must also diligently pursue his claims "during the entire period over which he seeks equitable tolling." *Wershe*, 112 F.4th at 367-68.  Diligence means that "the plaintiff must have pursued his claims with some regularity during that period, as permitted by his circumstances." *Id.* at 368 (quotation omitted). Nothing in the complaint indicates that Doe expended any effort to pursue the FTCA claim during the limitations period – from May 8, 2024 (when BOP mailed the denial of claim letter to him) through November 8, 2024 (when the limitations period expired).  So the diligence factor cuts against him (factor three).

Next, Doe fails to explain why the government would not be prejudiced by his delay in commencing this action (factor four).  But even if no prejudice resulted to the government, "lack of prejudice, standing alone, will not justify tolling." *Hobson v. Mattis*, No. 18-5306, 2018 U.S. App. LEXIS 31852, at *8 (6th Cir. Nov. 8, 2018); *see also Allen v. Yukins*, 366 F.3d 396, 404 (6th Cir. 2004).  What is more, the Sixth Circuit has observed that a five-month filing delay "suggests that equitable tolling is inappropriate." *Hobson*, 2018 U.S. App. LEXIS 31852, at *9.  The eight-

month delay between the expiration of the limitations period (on November 8, 2024) and Doe's institution of this lawsuit (on July 7, 2025) exceeds this interval.

Doe finally argues that his "intensive medical treatment[s]," "rehabilitation," "diagnostic imaging," and two surgeries – one in September 2024 to repair his shoulder and another in June 2025 to reconstruct his skull – demonstrate his "reasonableness in remaining ignorant" of the FTCA's limitations period (factor five). (ECF No. 31, PageID.338). *Hughes v. Region VII Area Agency on Aging*, 542 F.3d 169, 187 (6th Cir. 2008) (quotation omitted). "Illness – mental or physical – tolls a statute of limitations only if it actually prevents the sufferer from pursuing his legal rights during the limitations period." *Plummer v. Warren*, 463 F. App'x 501, 506 (6th Cir. 2012).

The complaint fails to plausibly explain how Doe's impairments prevented him from adhering to the FTCA's statute of limitations.  Nor do the "intensive medical treatment[s]," "rehabilitation," and "diagnostic imaging" – which Doe only first references in his opposition to the government's motion to dismiss – account for why he missed the filing deadline by almost eight months.  Even considering his shoulder surgery, the question remains as to why Doe neglected to commence this lawsuit in the four months between May 8, 2024 and the September 2024 procedure. And his June 2025 skull reconstruction surgery is immaterial to the analysis because

13

it occurred nearly seven months *after* the limitations already expired on November 8, 2024.

Since all the above factors weigh against Doe's position, equitably tolling the statute of limitations is inappropriate under the circumstances. The FTCA claim must be dismissed on timeliness grounds.

B.      *Amendment*

To thwart dismissal on this basis, Doe requests leave to amend the complaint to include more detailed equitable tolling allegations. (ECF No. 31, PageID.339). That would be the right course of action to "bolster [an] her equitable-tolling argument." *Coleman v. Hamilton Cnty. Bd. of Cnty. Comm'rs*, 130 F.4th 593, 607 (6th Cir. 2025). But the avenue is now foreclosed.

Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend a pleading should be freely given "when justice so requires." That means "the district court must be able to determine whether 'justice so requires,' and in order to do this, the court must have before it the substance of the proposed amendment." *Roskam Baking Co., Inc. v. Lanham Machinery Co., Inc.*, 288 F.3d 895, 906 (6th Cir. 2002) (citation omitted). "[A] bare request in an opposition to a motion to dismiss – without any indication of the particular grounds on which amendment is sought – does not constitute a motion within the contemplation of Rule 15(a)." *Beydoun v.*

14

*Sessions*, 871 F.3d 459, 469 (6th Cir. 2017) (quotation omitted); *see also* Fed. R. Civ.

P. 7(b)(1) ("A request for a court order must be made by motion.").

The request for leave to amend the complaint fits this description exactly. Doe

asks for "leave to amend rather than dismissal with prejudice" in the event "the Court

concludes" that he "must plead tolling facts more specifically." (ECF No. 31,

PageID.339). But nowhere does he propose the specific factual amendments that

would support his entitlement to equitable tolling. And the proposed first amended

complaint – which Doe appends to his response brief – lacks the requisite allegations

as well. (ECF No. 31-1).

Because Doe "submitted none of th[e] facts to aid the court in deciding

whether justice require[s] the court to grant leave to amend," his request for such

relief must be denied. *Roskam Baking*, 288 F.3d at 906.

### C.   *Section 504 of the Rehabilitation Act of 1973*

Section 504 of the Rehabilitation Act prohibits "any program or activity

receiving Federal financial assistance" from discriminating against an "otherwise

qualified individual with a disability . . . solely by reason of her or his disability[.]"

29 U.S.C. § 794(a). Nonetheless, the federal government's sovereign immunity

precludes "monetary damages awards for executive agencies' violations of §

504(a)." *Lane*, 518 U.S. at 197; *see also Bledsoe v. Tenn. Valley Auth. Bd. of Dirs.*,

42 F.4th 568, 580 (6th Cir. 2022). Because the section 504(a) claim exclusively

15

seeks to recover "compensatory damages" from BOP, it cannot proceed further. (ECF No. 1, PageID.32).

Doe views things differently. He believes the section 504(a) claim is salvageable so long as the Court grants him leave to amend the complaint to request declaratory relief in lieu of money damages. (ECF No. 31, PageID.339-40; *see also* ECF No. 31-1, PageID.377). The proposed amendment is futile.

"Even when a claimant seeks declaratory relief . . . he must satisfy the prerequisites of the Declaratory Judgment Act and Article III's standing baseline." *Saginaw Cty. v. STAT Emergency Med. Servs.*, 946 F.3d 951, 954 (6th Cir. 2020). To meet these requirements, the complaint must plausibly allege that "under all the circumstances . . . there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.* (quotation omitted); *see also MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007).

Doe is no longer incarcerated after his compassionate release from BOP custody. (ECF No. 1, PageID.3, ¶ 6). So there is no "substantial controversy . . . of sufficient immediacy and reality" that would justify awarding him declaratory relief. *STAT Emergency Med. Servs.*, 946 F.3d at 954; *see also Malloy v. Martin*, No. 82-5429, 1984 U.S. App. LEXIS 14720, at *4 (6th Cir. Feb. 6, 1984) (holding that release from BOP custody rendered request for injunctive and declaratory relief

16

moot); *Palmer v. Davidson*, No. 81-5703, 1982 U.S. App. LEXIS 11500, at *2-3 (6th Cir. Nov. 8, 1982) (same).

Because sovereign immunity bars Doe from obtaining money damages against BOP under the Rehabilitation Act, and since his proposed amendment to seek declaratory relief exclusively is otherwise futile, the section 504(a) claim must be dismissed.

### D.    *Proposed Amendment to Add a FTCA Medical Negligence Claim*

Lastly, Doe requests leave to amend the complaint to add a FTCA medical negligence claim against the United States. (ECF No. 31, PageID.340-41). Although Doe requests the amendment for the first time in his response to the government's motion to dismiss – and not in a separate motion – he does attach a copy of the proposed amended complaint with all the pertinent allegations included.[2] (ECF No. 31-1, PageID.377-80).

While the proposed amendments do not appear to be facially defective, it would be unfair to grant Doe's request for leave to amend without affording the government the benefit of receiving a fully briefed motion in support of that relief along with an opportunity to formally respond. To that end, the Court will permit

---

[2] Since Doe administratively exhausted the FTCA medical negligence claim sometime around January 23, 2026, the government correctly observes that Doe could have amended the complaint as of right in response to its motion to dismiss. (ECF No. 31, PageID.340; ECF No. 34, PageID.405). *See* Fed. R. Civ. P. 15(a)(1)(B). Doe elected not to pursue this option for some reason.

Doe to file a motion for leave to amend the complaint within 14 days of the entry of this opinion and order on the docket. Doe must attach a copy of the proposed amended complaint as an exhibit to the motion. The parties may file their associated responses and replies within the timeframes specified in the Local Rules. Before filing the motion, Doe must adhere to the procedures delineated in E.D. Mich. LR 7.1(a). Accordingly,

IT IS ORDERED that the government's motion to dismiss the claims asserted against it in the complaint (ECF No. 26) is granted.

IT IS FURTHER ORDERED that the Clerk of the Court is directed to terminate BOP as a party defendant to this litigation.

IT IS FURTHER ORDERED that Doe is granted permission to file a motion for leave to amend the complaint to add an FTCA medical negligence claim against the United States of America. The motion must conform to the directives in this opinion and order. *See supra* Section IV.D.

Dated: August 12, 2026                    s/ Robert J. White
                                          Robert J. White
                                          United States District Judge

18